**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 26-cr-14 (JDB)** |
| | **:** | |
| **TONG LI,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT
### TONG LI'S MOTION FOR REDETERMINATION

The United States submits this opposition to Defendant Tong Li's Motion for Redetermination of Detention Order, ECF No. 86 ("Motion" or "Mot.") and moves this Court to uphold its order detaining Defendant pending trial. This Court correctly applied the considerations listed in the Bail Reform Act and determined the flight risk and danger to the community posed by Defendant's release favored pre-trial detention. The Defendant has failed to meet his burden on a motion for reconsideration: he did not present new information; the Court did not misapprehend any of the facts; and the law has not changed since the submission of the issue to the Court.

### STANDARD OF REVIEW

The Court may reconsider a detention order "as justice requires," which means determining whether "reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005) (citation and quotation marks omitted). The Court considers whether it "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.,* 383 F.Supp.2d 99, 101 (D.D.C.

2005) (internal quotation marks and citation omitted). "New and material information ... must consist of truly changed circumstances, something unexpected, or a significant event," *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (quoting *United States v. Esposito*, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019) (internal quotation marks omitted).

"A motion for reconsideration is not an 'opportunity to reargue facts and theories upon which a court has already ruled,' nor is it 'a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Gilmore v. Palestinian Interim Self-Government Authority*, 8 F.Supp.3d 1, 6 (D.D.C. 2014) *aff'd*, 843 F.3d 958 (D.C. Cir. 2016) (quoting *S.E.C. v. Bilzerian*, 729 F.Supp.2d 9, 14 (D.D.C. 2010). This is reflected in the language of the Bail Reform Act:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that *information exists that was **not** known to the movant at the time of the hearing* and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142 (emphasis added).

## **ARGUMENT**

The Defendant presents four factual arguments for reconsideration and two legal arguments. Factually, the Defendant asserts that he has new information to present about his ties to the community and the collateral he presented for bond. He also argues that the Court misapprehended his role in the offense and his continued criminal activity and erred in evaluating his flight risk.

As to the "new information"—it is not new. Every fact the Defendant submitted in the Motion was known to him at the time the issue was submitted to the Court: familial information, details about the real property presented for collateral, and the facts presented in the lower court

transcript were all known and available to the Defendant at the time this issue was submitted to the Court. *See* Mot. at 5-11. Nor is the information material. First, the Court was aware that the Defendant has been a U.S. citizen since he was a teenager and that he lived in Los Angeles. ECF No. 62 at 6. Second, as this Court is well aware, the District of Columbia does not utilize a cash bail or collateral bond system. The additional facts presented by the Defendant in his Motion do not move the needle.

Speaking of needles, the Defendant attempts to thread a fine one by arguing that the Court misapprehended the nature and circumstances of the offense. *See* Mot. at 11-14. First, regardless of whether the Defendant is "the leader" of the drug trafficking organization (DTO) or "a leader" of the DTO (Mot. at 11), the Court correctly noted in its order that Chang Hoon Lee reported to the Defendant, and that the Court had already found that Lee posed a flight risk and danger to the community. ECF No. 62 at 5. Second, the Defendant's vehement denial that he had "any involvement with drugs since his detention, search, and seizure" in January (Mot. at 13) is not new evidence that refutes the government's proffer, nor does it demonstrate that the Court misapprehended the facts. In its order, the Court cited the government's brief at ECF. No. 45 at 6 and correctly summarized the government's proffer by saying that the Defendant continued his criminal activity after he was on notice that he was under investigation. ECF No. 6 at 5.

In the final factual argument, the Defendant gives up any pretense of arguing that there is new information or that the Court misapprehended the facts, and simply says the Court erred in finding that the Defendant presented a risk of flight. Throughout the brief, but particularly in this section, the Defendant suggests that the government's proffer was not sufficient evidence to support detention. *See e.g.* Mot. at 14 ("All of this is far too speculative to meet the high 'clear and convincing evidence' standard."); Mot. at 15 ("Without those clarifying facts, it is error to rely on

this fact to establish risk of flight."). Not only is the Defendant wrong, but these arguments could have been presented before the issue was submitted to the Court. The Defendant is simply trying to "reargue facts and theories upon which a court has already ruled." *Gilmore*, 8 F.Supp.3d 6.

The Defendant's legal arguments are similarly unpersuasive and improperly raised. First, there has not been a significant change in the law. The Defendant argues "this Court should find that the presumption of detention is unconstitutional under *Wolford* because it places a 'new and significant burden' on Mr. Li's exercise of the right to liberty." ECF No. 86 at 16 (quoting *Wolford v. Lopez*, 609 U.S. at ---, 2026 WL 1825723 at *9). *Wolford* was a Second Amendment case vacating a Hawaii state law that presumptively prohibited firearms on private property open to the public without the express and affirmative consent of the property owner. The Supreme Court struck down the law because it placed a new and significant burden on a traditional common-law right. The existence of the word "presumption"' is perhaps the only connection between *Wolford* and the case before this Court.

There is no need to strain to apply a Second Amendment case to the Bail Reform Act. Courts have looked at whether the Bail Reform Act, including the rebuttable presumption of detention, is constitutional, and they have found that it is. *See United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985) ("Given the legitimate governmental interest in securing a defendant's appearance at trial, the presumption's restrictions on the defendant's liberty are constitutionally permissible."), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990); *United States v. Portes*, 786 F.2d 758, 766 (7th Cir. 1985). In fact, the Seventh Circuit even included the historical analysis the Defendant is looking for: "Neither the historical evidence nor contemporary fundamental values implicit in the criminal justice system requires recognition of the right to bail as a 'basic human right,' which must then be construed to be of

4

constitutional dimensions." *Portes*, 786 F.2d 766 (citing *United States v. Edwards,* 430 A.2d 1321, 1331 (D.C.1980); *see also United States v. Salerno*, 481 U.S. 739, 750–51, (1987) (holding the Bail Reform Act does not violate the Fifth of Eighth Amendment because "as our cases hold, [the right to liberty] may, in circumstances where the government's interest is sufficiently weighty, be subordinated to the greater needs of society.") *Wolford* is not a "significant change in the law" such that a motion for reconsideration is proper. Even if this court were considering the matter in the first instance, *Wolford* does not provide support for finding the Bail Reform Act unconstitutional.

Finally, the Defendant's argument that the District of Columbia case law giving "substantial weight" to the statutory presumption of detention was improperly decided is also not appropriately raised at this juncture. The most recent case cited by the Defendant was decided more than 15 years ago. Furthermore, the Defendant's analysis is myopically focused on the word substantial. The Court in *United States v. Bess* was not relying solely on the opinions in *United States v. Alatishe* and *United States v. Jessup* in finding that the presumption should be given "substantive weight" even after it was rebutted.

> It represents Congress's general factual view about the special flight risks and the special risks of danger to the community presented by defendants who commit the crimes to which it attaches. … To put it another way, the presumption requires the court to draw an inference of dangerousness when probable cause is established that defendant committed a predicate offense, an inference whose strength depends on all the evidence before the Court.

*United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988). Similarly, the Court in *Jessup* noted that the Supreme Court "has cautioned us to give 'significant weight' to the 'capacity of Congress to amass the stuff of actual experience and cull conclusions from it.'" *Jessup*, 757 F.2d 386 (citing *Usery v. Turner Elkhorn Mining*, 428 U.S. 1, 28 (1976)).

In sum, the Defendant has not shown a significant change in the law or facts or demonstrated that the Court misapprehended either. The Court's June 12, 2026, Detention Order was valid and should be upheld.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Kate M. Naseef*
Kate M. Naseef
Assistant United States Attorney
VA Bar Reg. No. 87850
601 D Street, N.W.
Washington, D.C. 20530
Office: 202-252-176
kate.naseef2@usdoj.gov